917 F.2d 23
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Fred MITCHELL, Defendant-Appellant.
 No. 90-5760.
 United States Court of Appeals, Fourth Circuit.
 Argued July 19, 1990.
Decided Oct. 29, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (CR-89-30-5)
 Edwin Chrisco Walker, Assistant Federal Public Defender, Raleigh, N.C., for appellant; William E. Martin, Federal Public Defender, Raleigh, N.C., on brief.
 Richard Hancock Moore, Assistant United States Attorney, Raleigh, N.C., for appellee; Margaret Person Currin, United States Attorney, Raleigh, N.C., on brief.
 E.D.N.C.
 AFFIRMED.
 Before CHAPMAN and WILKINSON, Circuit Judges, and C. WESTON HOUCK, United States District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Fred Mitchell was convicted in the United States District Court for the Eastern District of North Carolina on one count of possession of marijuana with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1), and one count of carrying a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. Sec. 924(c)(1). He claims that a police officer violated his Fifth Amendment privilege against self-incrimination by renewing interrogation ten to fifteen minutes after he invoked this privilege, without reinforming him of his Miranda rights. Because counsel did not raise this objection at trial and because we are persuaded in any event that there was no breach of Mitchell's Fifth Amendment protections, we affirm the judgment of the district court.
 
 I.
 
 2
 Mitchell was arrested following a police search of his residence that uncovered nineteen envelopes containing marijuana and a .22 caliber handgun. At police headquarters, Officer Horace Askew advised Mitchell of his rights under Miranda v. Arizona, 384 U.S. 436 (1966), and Mitchell signed a statement waiving them. According to Officer Askew, Mitchell then declared that he "didn't want to make any statements at that particular time, or that he could not make any statements at that particular time." Informal conversation continued between Askew and Mitchell during the process of taking Mitchell's name and fingerprints, which lasted ten to fifteen minutes. Officer Askew then told Mitchell "that he could help us [the police] if he wanted to." Mitchell responded that "he couldn't say too much at that particular time." Askew inquired as to what Mitchell could say, and specifically asked where Mitchell had obtained the marijuana. Mitchell then stated where he had bought the drugs.
 
 
 3
 At trial, the court conducted a voir dire examination of Officer Askew in order to determine whether Mitchell's statement was voluntary. Defense counsel's only objection to the court's finding that the statement was voluntary was that Mitchell had not been given all of his rights under Miranda. Upon review of the signed waiver containing a list of rights, the court concluded that Mitchell had been aware of each of his rights and had voluntarily waived them. Defense counsel made no further objection to the admission of the statement. Mitchell was convicted on both counts and now appeals.
 
 II.
 
 4
 Mitchell claims that he had invoked his right to remain silent and that Officer Askew's initiation of questioning within minutes of that invocation violated that right; therefore, the failure to exclude his subsequent statements requires a new trial. We disagree. The only objection counsel made at trial to the introduction of Mitchell's statements focused on whether Mitchell had been informed of each of his Miranda rights. Counsel did not argue that Mitchell had invoked his Fifth Amendment privilege and that the police failed to honor his invocation. Had counsel timely raised these concerns, the trial court would have had the opportunity to focus on whether Mitchell's comments that he "could not make a statement at that time" (emphasis added) constituted an invocation of his right to remain silent or an indication that he would give a statement following processing.
 
 
 5
 Moreover, we have no reason to believe that the trial court suspected any violation of Mitchell's Fifth Amendment rights. At the hearing, the district court carefully considered the colloquy between Mitchell and the officer. Implicit in the trial court's ruling that Mitchell's statements were voluntary is the finding that his announcement that he could not speak at that particular time did not constitute an invocation of his right to remain silent. On the record before us, we cannot say that finding is clearly erroneous. See United States v. Gordon, 895 F.2d 932, 938-39 (4th Cir.1990) (no clear error in finding that defendant did not terminate interrogation where shaking of head gave rise to reasonable interpretations besides that defendant was refusing to answer other questions); United States v. Riggs, 537 F.2d 1219, 1222 (4th Cir.1976) (no clear error in admitting statements where defendant's alleged invocation was susceptible of two interpretations).
 
 
 6
 For the above reasons, the judgments of conviction are
 
 
 7
 AFFIRMED.